**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:25-CR-259-P |
| | § | |
| ELIZABETH SOTO | § | |

## DEFENDANT'S UNOPPOSED MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE MARK PITTMAN:

COMES NOW ELIZABETH SOTO, by and through her Attorney of Record, Harmony M. Schuerman, and moves this Honorable Court to continue the trial of the above-numbered and named case, and for cause would respectfully show unto the Court the following:

1. This case is currently set for jury trial on January 20, 2025. Defense Counsel is scheduled for vacation out of the country from January 15 through January 20, 2026. Airfare has been booked since October 1, 2025, and is non-refundable. Counsel is currently set for jury trial in Tarrant County District Court, Cause No. 1859839 on January 29, 2026, and Cause No. 1837120 on February 9, 2026, but should have no other conflicts in dates for the foreseeable future.

2. In addition to Defense Counsel's vacation conflict, to date, the government has produced seven batches of discovery totaling approximately 6 gigabytes of material. This includes extensive video and photographic evidence as well as reports, cellphone extractions, and numerous other materials. The defendants are charged with serious offenses, including attempted murder, significant firearms violations, terrorism-related conduct, use of explosives, and rioting at a federal facility. Although counsel has worked diligently, the volume and complexity make completion of a thorough review within a short timeframe impracticable.

3. Counsel has conferenced with the Honorable Shawn Smith and all counsel for co-

defendants. No one opposed the granting of the Motion. The following chart indicates each party's conflicting dates (where known):

| Defendant | Defense Counsel | Agreed/Opposed | Conflicting Dates |
|---|---|---|---|
| Cameron Arnold (01) | James Luster/ Cody Cofer | Agreed | 1/5-1/6/2026 (CC) 1/23/2026 (CC) 1/30/2026 (CC) 2/18-2/20/2026 (CC) |
| Zachary Evetts (02) | Patrick McLain/ Bradley Sauer/ Brian Bouffard | Agreed | 1/26-1/29/2026 (BB) 2/5-2/21/2026 (PM) 2/23-2/27/2026 (BS) 3/6-3/11/2026 (PM) 3/12-3/21/2026 (PM) 3/24-3/28/2026 (PM) 4/9-4/12/2026 (PM) |
| Benjamin Song (03) | Phillip Hayes | Agreed | 2/11-2/14/2026 3/16-3/20/2026 4/20-4/24/2026 |
| Savanna Batten (04) | Sheena Winkfield | Agreed | 3/6-3/10/2026 6/26-6/30/2026 |
| Bradford Morris (05) | J. Warren St. John | Agreed | 3/13-3/20/2026 |
| Maricela Rueda (06) | George Lobb | Agreed | n/a |
| Elizabeth Soto (07) | Harmony Schuerman | Agreed | 1/15-1/19/2026 1/22-1/29/2026 2/9-2/12/2026 |
| Ines Soto (08) | Leigh Davis | Agreed | 6/17-23/2026 |
| Daniel Estrada (09) | Michael Lehmann (FPD) | Agreed | 2/18-2/20/2026 3/3-3/6/2026 3/16-3/18/2026 |
| USA | Shawn Smith (DOJ) Frank Gatto (DOJ) Matthew Capoccia (DOJ) | Agreed | Unknown |

4. A motion for continuance is addressed to the sound discretion of the trial court and will be disturbed on appeal only upon a showing that there has been an abuse of that discretion. *Ungar v. Sarafit*, 376 U.S. 575, 589 (1964); *United States v. Shaw*, 920 F.2d 1225, 1230 (5th Cir. 1991). This issue must be decided on a case-by-case basis and in light of the circumstances presented. *United States v. Uptain*, 531 F.2d 1281, 1285-86 (5th Cir. 1976). Title 18, U.S.C., § 3161(8)(B)(iv) provides that a district court may likewise continue a case when "the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), [but] would ... deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

The defense respectfully requests that the Court grant a continuance to the above-requested dates. Should the Court grant the requested continuance, the Defendant agrees that any period of delay resulting there from, made necessary by this request for continuance, shall be excludable under 18 U.S.C. § 3161(h)(8). Additionally, the ends of justice served by the granting of this continuance outweigh the best interests of the public and the Defendant in a speedy trial, 18 U.S.C. §3161(h)(8)(A).

**WHEREFORE, PREMISES CONSIDERED, DEFENDANT,** ELIZABETH SOTO, moves this Honorable Court to grant this her Motion for Continuance and to delay the currently scheduled jury trial and for such other and further relief to which she may be justly entitled.

Respectfully submitted.

/s/ Harmony M. Schuerman
Harmony M. Schuerman
State Bar No. 24062991
909 W. Magnolia Avenue, Suite 6
Fort Worth, Texas 76104

harmony@hmscriminallaw.com
Phone: 817-406-8665

## CERTIFICATE OF CONFERENCE

I hereby certify that on December 6, 2025, I conferred with Shawn Smith, Assistant United States Attorney, and have been informed that he is not opposed to the granting of a continuance.

/s/ Harmony M. Schuerman
Harmony M. Schuerman

## CERTIFICATE OF SERVICE

On December 16, 2025, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, using the court's electronic case filing system. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

/s/ Harmony M. Schuerman
Harmony M. Schuerman

## VERIFICATION

On December 16, 2025, appeared before me Harmony M. Schuerman, who upon being sworn, states the following:

"My name is Harmony M. Schuerman. I am the same Harmony M. Schuerman who is the attorney of record for ELIZABETH SOTO, Defendant in the above-styled and numbered cause. The allegations set forth in the forgoing Motion for Continuance are true and correct to the best of my knowledge."

Harmony M. Schuerman

SIGNED AND SWORN TO BEFORE ME, the undersigned authority.

Denna Branson, Notary Public

