**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:25-CR-259-P |
| | § | |
| ELIZABETH SOTO | § | |

**MOTION FOR JUDGMENT OF ACQUITTAL**
**UNDER RULE 29**

TO THE HONORABLE JUDGE MARK PITTMAN:

COMES NOW ELIZABETH SOTO, Defendant, by and through her attorneys of record, Harmony M. Schuerman and Blake Burns, and files this Motion for Judgment of Acquittal, pursuant to Fed. R. Crim. Pro. 29 (a) and (c). The evidence presented at trial is insufficient to sustain a conviction on any of the four counts applicable to Defendant. In support, Defendant would show unto the Court the following:

**TABLE OF CONTENTS**

Legal Provisions Involved. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Evidence Adduced at Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Conclusion and Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Duncan v. Louisiana*, 391 U.S. 145 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Evans-Smith v. Taylor*, 19 F.3d 899 (4th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 11

*Guidry v. Dretke*, 397 F.3d 306 (5th Cir. 2005) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Winship*, 397 U.S. 358 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 11

*Jackson v. Virginia*, 443 U.S. 307 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

*Mortensen v. United States*, 322 U.S. 369 (1944) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Piaskowski v. Bett*, 256 F.3d 687 (7th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Piaskowski v. Casperson*, 126 F. Supp. 2d 1149 (E.D. Wis. 2001) . . . . . . . . . . . . . . . . . . . . 10

*Regalado Cuellar v. United States*, 553 U.S. 550 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Ulster County Court v. Allen*, 442 U.S. 140 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Alvarez*, 451 F.3d 320 (5th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*United States v. Cuellar*, 478 F.3d 282 (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Elashyi, et al.*, 554 F. 3d. 480 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Fountain*, 277 F.3d 714 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Harris*, 420 F.3d 467 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Harris*, 477 F.3d 241 (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Hernandez*, 301 F.3d 886 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Lewis*, 476 F.3d 369 (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Markiewicz*, 978 F.2d 786 (2nd Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Martinez*, 555 F.2d 1269 (5th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

*United States v. Mmahat*, 106 F.3d 89 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Moreland*, 665 F.3d 137 (5th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*United States v. Peterson*, 244 F.3d 385 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Richards*, 204 F.3d 177 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*United States v. Toro*, 383 F. Supp. 397 (D.P.R. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. White*, 611, F.2d 531 (5th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Statutes**

18 U.S.C. § 844 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15, 17, 18

18 U.S.C. §1114 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

18 U.S.C. §1361 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16

18 U.S.C. § 2101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 18, 19

18 U.S.C. § 2102 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. § 2339A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Federal Rule of Criminal Procedure 29 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

U.S. Const. Amend. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

U.S. Const. Amend. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## LEGAL PROVISIONS INVOLVED

[T]he court, on the defendant's motion, must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.

**Rule 29(a), Federal Rules of Criminal Procedure (emphasis added)**

PAGE  3

*[T]he standard of proof beyond a reasonable doubt... "plays a vital role in the American scheme of criminal procedure," because it operates to give "concrete substance" to the presumption of innocence, to ensure against unjust convictions, and to reduce the risk of factual error in a criminal proceeding. At the same time, by impressing upon the factfinder the need to reach a subjective state of near certitude as to the guilt of the accused, the standard symbolizes the significance that our society attaches to the criminal sanction and thus to liberty itself....*

*The Winship doctrine requires more than simply a trial ritual. A doctrine establishing so fundamental a substantive constitutional standard must also require that the factfinder will rationally apply that standard to the facts of evidence.... Yet a properly instructed jury may occasionally convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt.... [W]hen such a conviction occurs...., it cannot constitutionally stand.*

*After Winship, the critical inquiry in reviewing the sufficiency of the evidence to support a criminal conviction must be not simply whether the jury was properly instructed, but whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.*

**Jackson v. Virginia, 443 U.S. 307, 315-19 (1979) (quoting In re Winship, 397 U.S. 358 (1970)).**

*"When the group activity out of which the alleged offense develops can be described as a bifarious undertaking, involving both legal and illegal purposes and conduct, there must be direct or circumstantial evidence of the defendant's own advocacy of and participation in the illegal goals of the conspiracy and you may not impute the illegal intent of alleged co-conspirators to the actions of the defendant."*

**United States v. Markiewicz, 978 F.2d 786, 813 (2nd Cir. 1992).**

## PART ONE: INTRODUCTION

The evidence adduced at trial in this case was insufficient to support a finding of guilt beyond a reasonable doubt for any of the charged offenses. The cooperating defendants testified that they either only knew Ms. Soto, through the Emma Goldman Book Club (EGBC), or didn't know her at all. The government introduced extensive Signal chat transcripts related to the planning of various activities, including this protest, and she was not a party to any of

those chats. In fact, the government's lead agent testified that he had no idea what Ms. Soto's Signal moniker was because she was not in any of the chats. Ms. Soto arrived late after the cooler of fireworks had already been placed at the scene, and there was no evidence presented that she had touched them.

The evidence further showed that Ms. Soto left the scene when asked to leave by the staff at the detention center. She also voluntarily surrendered to the police when approached.

The government alleged that her book club was a recruiting tool for Antifa and that she wore black clothing to help conceal her identity and the identity of others at the protest. Neither of those things establishes proof beyond a reasonable doubt of her culpability for these offenses.

## PART TWO: THE STANDARD OF REVIEW

The Due Process Clause requires the government to present evidence sufficient to prove each element of a criminal offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979); U.S. Const. Amend. V; *In re Winship*, 397 U.S. 358, 364 (1970) ("[T]he Due process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."). "The Standard of proof beyond a reasonable doubt plays a vital role in the American scheme of criminal procedure, because it operates to give 'concrete substance' to the presumption of innocence to ensure against unjust convictions, and to reduce the risk of factual error in a criminal proceeding… [T]he standard symbolizes the significance that our society attaches to the criminal sanction and thus to liberty itself." *Jackson*, 443 U.S. at 315, *quoting Winship*, 397 U.S. at 363 and 372 (Harlan, J., concurring). The "virtually unanimous

adherence to the reasonable-doubt standard in common-law jurisdictions…reflect[s] a profound judgment about the way in which law should be enforced and justice administered." *Winship*, 397 U.S. at 361-362, quoting *Duncan v. Louisiana*, 391 U.S. 145, 155 (1968); *see also Winship, id*. at 372 (Harlan, J., concurring) ('I view the requirement of proof beyond a reasonable doubt in a criminal case as bottomed on a fundamental value determination of our society that it is far worse to convict an innocent man than to let a guilty man go free.").

In *Jackson*, the Supreme Court held that "[a]fter *Winship* the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the  record evidence could reasonably support a finding of guilt beyond a reasonable

doubt." *Id*. at 318-319. The sufficiency standard thus requires the trier of fact to apply the "fundamental substantive constitutional standard" rationally to the facts in evidence." *Id*. Further, "a properly instructed jury may occasionally convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt." *Id*. However, "[u]nder *Winship*, which established proof beyond a reasonable doubt as an essential to due process," when such a conviction occurs…, it cannot constitutionally stand." *Id*. at 317-318. And "*Winship* presupposes as an essential of the due process guaranteed by the Fourteenth [and Fifth] Amendment[s] that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof – defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Id*.

Criminal convictions are supported by sufficient evidence "if a reasonable trier of fact could conclude that the elements of the offense were established beyond a reasonable doubt,

viewing the evidence in the light most favorable to the jury's verdict and drawing all reasonable inferences from the evidence to support the verdict." *United States v. Mmahat*, 106 F.3d 89, 97 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997); *United States v. Lewis*, 476 F.3d 369, 377 (5th Cir. 2007); *United States v. Fountain*, 277 F.3d 714, 717 (5th Cir. 2001); *United States v. Cuellar*, 478 F.3d 282, 287 (5th Cir. 2007); *United States v. Harris*, 477 F.3d 241, 244 (5th Cir. 2007). On a defendant's motion for a judgment of acquittal, the question for the court is whether the evidence adduced at trial, when viewed in the light most favorable to the government, was "sufficient to permit a reasonable jury to conclude beyond a reasonable doubt that" the defendant committed the offense charged in the indictment, *Regalado Cuellar v. United States*, 553 U.S. 550, 568 & n.8 (2008) (reversing conviction for money laundering because, "[a]lthough … the [g]overnment introduced some evidence regarding the effect of transporting illegally obtained money to Mexico, the [g]overnment has not pointed to any evidence in the record from which it could be inferred beyond a reasonable doubt that petitioner *knew* that taking the funds to Mexico would have had one of the relevant effects" (italics added)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("[T]he inquiry involved in ruling on a motion for summary judgment or for directed verdict necessarily implicated the substantive evidentiary standard of proof that would apply at the trial on the merits…. [Thus, on] a motion for acquittal in a criminal case, where the beyond-a-reasonable-doubt standard applies[,] … the trial judge asks whether a reasonable jury could find guilt beyond a reasonable doubt.").

In reviewing the trial record for evidentiary sufficiency, "[a]ll evidence is considered, not just that supporting the verdict …." *United States v. Peterson*, 244 F.3d 385, 389 (5th Cir.

2001); *see United States v. Richards*, 204 F.3d 177, 206 (5th Cir. 2000) (explaining that the court must "consider 'the countervailing evidence as well as the evidence that supports the verdict" (quoting *United States v. Brown*, 186 F.3d 661, 664 (5th Cir. 1999)). Thus, if exculpatory evidence is adduced during the prosecution's case-in-chief, that evidence must be considered, even though it militates against guilt. *See Evans-Smith v. Taylor*, 19 F.3d 899, 909, n. 29 (4th Cir. 1994)("Favoring the prosecution with all inferences does not mean that [the court] must ignore evidence that is in the record, but which [the prosecution] ignore[s].")). In addition, where, as here, the defendant exercised his right to present a defense, the reviewing court's sufficiency analysis must take into account the evidence adduced during the defendant's case-in-chief as well.  *See United States v. White*, 611, F.2d 531, 536 (5th Cir. 1980) (holding that, "[i]f a defendant renews his motion for judgment of acquittal at the end of all evidence," the court is required "to examine all the evidence rather than to restrict its examination to the evidence presented in the [g]overnment's case-in-chief") This includes uncontradicted evidence of the defendant's reputation for good character. *See United States v. Toro*, 383 F. Supp. 397, 400 (D.P.R. 1974) (considering, *inter alia*, a defense witness's uncontradicted testimony that the defendant "was generally of good character" and then granting the defendant's Rule 29 motion).

The Rule 29 standard of review "does not require complete judicial abdication to the determination of the trier of fact." *United States v. Martinez*, 555 F.2d 1269, 1271 (5th Cir. 1977) (holding that a verdict must be reversed if not "supported by 'substantial evidence'"); *see also Mortensen v. United States*, 322 U.S. 369, 374 (1944) ('[W]e have never hesitated to examine a record to determine whether there was any competent and substantial evidence fairly

tending to support the verdict."); *United States v. Moreland*, 665 F.3d 137, 149 n.6 (5th Cir. 2011) ("We remain highly deferential to jury verdicts, but are obligated, as judges, to reverse a conviction where, having viewed all evidence in the light most favorable to the prosecution, we must conclude that the record cannot support a conclusion that the prosecution established guilt beyond a reasonable doubt.").

Although the reviewing court is required to draw in the government's favor all inferences that are reasonably supported by the record evidence, a reviewing court "cannot 'credit [the prosecution with] inferences within the realm of possibility when those inferences are unreasonable." *Moreland*, 665 F.3d at 149 (reversing defendant's conviction for possession of child pornography). Moreover, if the only reasonable inference to be drawn from a particular constellation of evidence is one that favors the defendant, the court must consider that exculpatory inference. *See Evans-Smith*, 19 F.3d at 909 n.29.

With respect to the drawing of inferences, it is also important to keep in mind that there is a constitutionally significant distinction between an "evidentiary or "basic' fact[]," on the one hand, and "an 'ultimate' or 'element' fact," on the other. *Ulster County Court v. Allen*, 442 U.S. 140, 146 (1979). Where the prosecution asks the jury to infer a fact that is also an element of the offense *(e.g.*, that the defendant possessed the requisite mental state), it is not enough that the record evidence reasonably supports the prosecution's desired inference. Instead, the prosecution's burden is to adduce evidence sufficient to prove that inference "beyond a reasonable doubt." *Id.*; *see also e.g., Regalado Cuellar*, 553 U.S. at 567 n.8 (reversing conviction because the prosecution failed to adduce evidence "from which it could be inferred beyond a reasonable doubt" that the defendant possessed the requisite mental state

for money laundering). Thus, in *United States v. Alvarez*, 451 F.3d 320 (5th Cir. 2006) the Fifth Circuit reversed a conviction where the prosecution "attempt[ed] to cobble together inferences from the testimony presented in support of the verdict against [the defendant]." *Id*. at 337. The Fifth Circuit explained that, even though "a rational jury might make the chain of [evidentiary] inferences" proffered by the prosecution, that inferential chain was too weak to support a rational finding "*beyond a reasonable doubt* that the elements of the crime [were] proven." *Id*. (italics in original); *see also Piaskowski v. Casperson*, 126 F. Supp. 2d 1149, 1159-60 (E.D. Wis. 2001) ("The ultimate finding of guilt in this case required the jury to pile speculation on top of the inferences drawn from more inferences. Each step along the way required the jury to eliminate one or more alternatives, thus multiplying the risk of error. Such verdict is not rational.")

A reviewing court may not affirm a conviction that "rest[s] on mere suspicion, speculation, or conjecture, or on an overly attenuated piling of inference on inference." *Alvarez*, 451 F.3d at 333-34 (reversing conviction where the government's proffered evidence of an essential element of the offense was "both circular and self-serving"); *see also United States v. Harris*, 420 F.3d 467, 474 (5th Cir. 2005) ("Speculation may resolve the timing of Harris's intent and the actions that night, but the speculation on the basis if evidence does not a reasonable inference make."); *Martinez*, 555 F.2d at 1271 (holding that, where the jury's verdict "could be reached only as a result of speculations or assumptions about matters not in evidence," then the jury's verdict must be reversed). Indeed, "if the evidence at trial raises only a suspicion of guilt, even a strong one, then that evidence is insufficient." *Guidry v. Dretke*, 397 F.3d 306, 331 (5th Cir. 2005) (internal quotation marks omitted). "Even under [a]

deferential standard of review, a conviction may not be affirmed … based on evidence that merely creates the inference that the defendant *might* be guilty." *United States v. Elashyi, et al.*, 554 F. 3d. 480, 492 (5th Cir. 2008) (italics added); *see also United States v. Hernandez*, 301 F.3d 886, 893 (5th Cir. 2002) ("[T]here is a critical line between suspicion of guilt and guilt beyond a reasonable doubt…. Even looking at the government's case in the most favorable light possible, the government has not transcended the realm of speculation to the realm of certainty beyond a reasonable doubt."); *Piaskowski v. Bett*, 256 F.3d 687, 692-93 (7th Cir. 2001) ("As strong suspicion that someone is involved in criminal activity is no substitute for proof of guilt beyond a reasonable doubt…. Although a jury may infer facts from other facts that are established by inference, each link in the chain of inferences must be sufficiently strong to avoid a lapse into speculation."). Thus, in *Evans-Smith*, the Fourth Circuit, in reversing the defendant's murder conviction, held:

> "To start with the assumption that the crime was committed and then to show that each piece of circumstantial evidence can be explained in a consistent manner is fundamentally different from explaining each piece of evidence and finally concluding beyond a reasonable doubt that the defendant was guilty. The prosecution has attempted to accomplish only the first alternative, not the second. As the Supreme Court has long taught, "it is the duty of the Government to establish … guilt beyond a reasonable doubt."

19 F.3d at 910 (quoting *In re Winship*, 397 U.S. 358, 362 (1970)).

## PART THREE: THE EVIDENCE ADDUCED AT TRIAL

I.     **THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUSTAIN A FINDING OF GUILT AS TO COUNT ONE: Riot (18 U.S.C. §§ 2101 and 2102)**

**THE LAW:**

Count One of the Second Superseding Indictment charged the defendants

named therein, aiding and abetting each other, with rioting. For the jury to find any of the defendants named in Count One guilty, it must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First:* The defendant used any facility of interstate commerce;

*Second:* The defendant did so with the intent to organize, participate in or carry on a riot; or commit any act of violence in furtherance of a riot; or aid or abet any person participating in, or carrying on a riot, or committing any act of violence in furtherance of a riot; and

*Third:* The defendant committed or attempted to commit an overt act, either during the use of a facility of interstate commerce or after such use, for the purpose of organizing, participating in, or carrying on a riot; or committing any act of violence in furtherance of a riot; or aiding or abetting any person participating in, or carrying on a riot, or committing any act of violence in furtherance of a riot.

The term *riot* means, a public disturbance involving (1) an act or acts of violence by one or more persons part of an assemblage of three or more persons, which act or acts shall constitute a clear and present danger of, or shall result in, damage or injury to the property of any other person or to the person of any other individual; or (2) a threat or threats of the commission of an act or acts of violence by one or more persons part of an assemblage of three or more persons having, individually or collectively, the ability of immediate execution of such threat or threats, where the performance of the threatened act or acts of violence would constitute a clear and present danger of, or would result in, damage or injury to the property of any other person or to the person of any other individual.

The term *to organize, participate in,* or *carry on a riot,* includes, but is not limited to, instigating other persons to riot, but shall not be deemed to mean the mere oral or written (1) advocacy of ideas; or (2) expression of belief not involving advocacy of any act or acts of violence, or assertion of the rightness of, or the right to commit, any such act or acts.

## THE ARGUMENT:

The evidence presented at trial is insufficient to support a finding of guilt as to the first two elements of Count One. There was no evidence that she used a facility of interstate commerce while intending to participate in a riot. Ms. Soto was not in the Signal chats about planning the protest, nor was there any evidence that she was aware of any plans for violence or property destruction, or that any shooting or vandalism actually occurred. No evidence was presented that she conspired, aided, or abetted in the commission of these offenses.

Ms. Soto's lack of knowledge of the actions of her alleged co-conspirators shows that the evidence is insufficient to support a finding as to the third element of Count One. The alleged intent of her co-conspirators cannot be imputed to Ms. Soto.

II.    **THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUSTAIN A FINDING OF GUILT AS TO COUNT TWO: Providing Material Support to Terrorists (18 U.S.C. § 2339A)**

## THE LAW:

Count Two of the Second Superseding Indictment charges the defendants named therein with providing material support to terrorists. For the jury to find any of the defendants named in Count Two guilty of this crime, it must be convinced

that the Government has proved each of the following beyond a reasonable doubt:

*First:* The defendant provided or attempted to provide material support or resources; or concealed or disguised or attempted to conceal or disguise the nature, location, source, or ownership of material support or resources in the manner described in the Second Superseding Indictment; and

*Second:* The defendant did so knowing or intending that the material support or resources were to be used to prepare for or carry out a violation of 18 U.S.C. §§ 844(f), 1114, or 1361; or to carry out the concealment of an escape from the commission of 18 U.S.C. §§ 844(f), 1114, or 1361.

For you to find the defendant guilty of attempting to commit the offense of providing material support to terrorists as charged in Count Two of the Second Superseding Indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant intended to commit the offense of providing material support to terrorists as charged in Count Two of the Second Superseding Indictment; and

*Second:* That the defendant did an act that constitutes a substantial step towards the commission of that crime and that strongly corroborates the defendant's criminal intent and amounts to more than mere preparation.

Count Two of the Second Superseding Indictment accuses the defendants named therein of committing the crime of Providing Material Support to Terrorists in three different ways.

PAGE   14

**(a) Under 18 U.S.C. § 844(f) the Government must prove beyond a reasonable doubt:**

*First:* The defendant damaged or destroyed property or attempted to damage or destroy property;

*Second:* The defendant did so by means of an explosive;

*Third:* That the property was, in whole or in part, owned by or possessed by or leased to the United States or any department or agency of the United States; and

*Fourth:* That the defendant acted maliciously.

The term *maliciously* means that the defendant acted either intentionally or with willful disregard of the likelihood that damage will result, and not mistakenly or carelessly. The defendant need not have intended to injure or kill anyone.

**(b) Under 18 U.S.C. § 1114 the Government must prove beyond a reasonable doubt:**

*First:* The defendant intended to kill the person named in the Count with malice aforethought;

*Second:* The defendant did something that was a substantial step toward killing the person named in the Count;

*Third:* The person named in the Count was an officer or employee of the United States or of any agency in any branch of the United States Government, or any person assisting such an officer or employee; and

*Fourth:* The defendant attempted to kill the person named in the Count while the person named in the Count was engaged in or on account of the performance of official duties, or while assisting such an officer or employee in the performance of such duties or on account of that assistance.

**(c) Under 18 U.S.C. § 1361 the Government must prove beyond a reasonable doubt:**

*First:* The defendant injured or damaged, or attempted to injure or damage, property;

*Second:* The property belonged to the United States, or any department or agency of the United States, or was property that had been or was being manufactured or constructed for the United States, or any department or agency of the United States;

*Third:* The damage exceeded the sum of $1,000.00; and

*Fourth:* The defendant did so willfully.

## THE ARGUMENT:

Testimony at trial was presented that none of the nine Defendants caused any property damage with the alleged "explosives." If the jury were permitted to infer that the explosives caused damage, it would clearly have been accidental rather than malicious. None of the property damaged by any Defendant in this case was owned or leased by the United States government.

The Government conceded in its closing argument that there was no evidence Ms. Soto had anything to do with planning, aiding, or otherwise participating in the attempted murder of any of the Prairieland Detention Center employees. There was no evidence introduced from any

source that Ms. Soto was even aware of the presence of firearms or that anyone had been shot by the time she left the scene. Furthermore, there was no evidence presented that she had any specific intent to kill someone with malice aforethought before, during, or after the protest, nor did she conspire with or aid someone else in doing so.

There was no evidence presented at trial that Ms. Soto damaged any property, nor did she conspire with or aid anyone else in doing so. The evidence did not even demonstrate that she physically touched an "explosive."

The alleged intent of her co-conspirators cannot be imputed to Ms. Soto.

### III.     THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUSTAIN A FINDING OF GUILT AS TO COUNT THREE: Conspiracy to Use and Carry an Explosive 18 U.S.C. § 844(m)

**THE LAW:**

Count Three of the Second Superseding Indictment charges the defendants named therein with conspiring (1) to use an explosive to commit a felony offense that may be prosecuted in a court of the United States; or (2) to carry an explosive during the commission of a felony offense that may be prosecuted in a court of the United States.

For you to find any of the defendants named in Count Three guilty of this crime, the jury must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant and at least one other person made an agreement to use an explosive to knowingly commit the federal felony offense of Riot as charged in Count One, in violation of 18 U.S.C. § 2101; or that the defendant and at least one other person made

an agreement to knowingly carry an explosive during the commission of the federal felony

offense of Riot as charged in Count One, in violation of 18 U.S.C.§ 2101;

Second: The defendant knew of the unlawful purpose of the conspiracy and joined in

it willfully, that is, with the intent to further the unlawful purpose; and

Third: The defendant knowingly and voluntarily joined the conspiracy.

**ARGUMENT:**

This count required the Government to prove beyond a reasonable doubt that Ms. Soto

joined a conspiracy to commit the offense of riot while using an explosive. The evidence presented

on this count is insufficient for the same reasons the evidence was insufficient to sustain a finding

of guilt for Count One. Furthermore, the crime of conspiracy proscribes entering into an agreement

to commit a crime. There is no evidence Ms. Soto entered into an agreement to commit any offense,

much less Riot. The evidence is also insufficient to establish that the fireworks used in connection

with the protest meet the criteria for explosives contemplated by the statute.

The alleged intent of her co-conspirators cannot be imputed to Ms. Soto.

**IV.    THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO
SUSTAIN A FINDING OF GUILT AS TO COUNT FOUR:
Use and Carry an Explosive During the Commission of a Felony (18 U.S.C. §§
844(h)(1) and (2))**

**THE LAW:**

Count Four of the Second Superseding Indictment charges the defendants named therein,

aiding and abetting each other, with using an explosive to commit a felony or (2) carrying an

explosive during the commission of a felony. For the jury to find any of the defendants named in

Count Four guilty of this crime, it must be convinced that the Government has proved each of the

PAGE  18

following beyond a reasonable doubt:

First: The defendant used an explosive; and

Second: The defendant did so to commit the offense of Riot in Count One, in violation of

18 U.S.C. § 2101(a), which may be prosecuted in federal court;

**OR**

First: The defendant carried an explosive; and

Second: He did so during the commission of the offense of Riot in Count One, in violation

of 18 U.S.C. § 2101(a).

## ARGUMENT:

The evidence presented as to Count Four is insufficient for the same reasons the evidence presented

as to Count One and Three are insufficient. The alleged intent of her co-conspirators cannot be

imputed to Ms. Soto.

**WHEREFORE, PREMISES CONSIDERED, DEFENDANT,** ELIZABETH SOTO,

moves this Honorable Court to grant this her Motion for Judgment of Acquittal and for such other

and further relief to which she may be justly entitled.

/s/ Harmony M. Schuerman
Harmony M. Schuerman

State Bar No. 24062991
115 N. Henderson Street
Fort Worth, Texas 76102
harmony@hmscriminallaw.com
Phone: 817-406-8665

/s/ Blake Burns
Blake Burns

State Bar No. 24066989
115 N. Henderson Street
Fort Worth, Texas 76102

bburnslaw@gmail.com
Phone: 817-870-1544

## CERTIFICATE OF SERVICE

On March 27, 2026, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court for the Northern District of Texas through the court's electronic case filing system. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

/s/ Harmony M. Schuerman
Harmony M. Schuerman