**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:25-CR-259-P |
| | § | |
| ELIZABETH SOTO | § | |

<u>**MOTION FOR NEW TRIAL PURSUANT TO RULE 33**</u>

TO THE HONORABLE JUDGE MARK PITTMAN:

COMES NOW ELIZABETH SOTO**,** Defendant, by and through her attorneys of record, Harmony M. Schuerman and Blake Burns, and files this Motion for New Trial Pursuant to Rule 33 of the Federal Rules of Criminal Procedure. In support, Defendant would show unto the Court the following:

<u>**STATEMENT OF THE MOTION**</u>

On March 13, 2026, following a jury trial on the Second Superseding Indictment in this case, Defendant Soto was found guilty of Counts 1 through 4. Defendant Soto requests that this Court grant her a new trial under Fed. R. Crim. P. 33.

<u>**INTRODUCTION**</u>

Rule 33 states that upon the Defendant's motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33; *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004). "The burden of demonstrating that a new trial is warranted 'in the interest of justice' rests on the defendant." *United States v. Soto-Silva*, 129 F.3d 340, 343 (5th Cir. 1997). Rule 33 motions are not favored and are viewed with great caution. *United States v. Blackthorne*, 34 F.3d 449, 452 (5th Cir. 2004). "The grant of a new trial is necessarily an extreme

measure, because it is not the role of the judge to sit as a thirteenth member of the jury." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997); but see *United States v. Robertson*, 110 F.3d 1113, 11120 n. 11 (5th Cir. 1997).

"Motions for new trial are based either on the grounds that the verdict was against the weight of the evidence or that some error was committed by the court or the prosecution which substantially affects the rights of the accused." *United States v. Simms*, 508 F. Supp. 1188, 1202 (W.D. La. 1980). In the Fifth Circuit, "the generally accepted standard is that a new trial ordinarily should not be granted unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." *United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011) (emphasis added); *see* Wall, 389 F.3d at 466.

Unlike the Rule 29 motion, where the evidence must be viewed in a light most favorable to the verdict, in determining whether to grant a Rule 33 motion, the Court "may weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial." *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005) (citing *Robertson*, 110 F.3d at 1117). Thus, the court has broad discretion to grant a new trial "in the interest of justice." *United States v. Scroggins*, 379 F.3d 233 (5th Cir. 2004), vacated on other grounds, 543 U.S. 1112, 125 S.Ct. 1062, 160 L.Ed.2d 1049 (2005); *United States v. Antone*, 603 F.2d 566 (5th Cir. 1979). Deference is given to the district court because it actually observed the demeanor of witnesses and their impact on the jury. *Wall*, 389 F.3d at 465; *O'Keefe*, 128 F.3d at 893.

"[E]vidence which merely discredits or impeaches a witness's testimony does not justify a new trial." *United States v. Blackthorne*, 378 F.3d 449, 455 (5th Cir. 2004) (citation omitted). A new trial may be appropriate where the evidence only tangentially supports a guilty verdict and

the evidence "preponderates sufficiently heavily against the verdict such that miscarriage of justice may have occurred." *Tarango*, 396 F.3d at 672.

## ARGUMENT

The Government has failed to present sufficient evidence that Elizabeth Soto was part of any planning, commission, or conspiracy with the co-defendants to commit any of the offenses alleged in the indictment. See also, Elizabeth Soto's Motion for Judgment of Acquittal (Rule 29 (a) and (c), Fed. R. Crim. Proc.) filed contemporaneously with this motion. The testimony of the government's witnesses merely supports the conclusion that the Defendant attended what was supposed to be a lawful protest and associated with some of her co-defendants as part of a book club she helped run.

This Rule 33 motion invokes the "interest of justice" standard as appropriate where the weight of the evidence preponderates against a verdict. *Wall* at 466.

The evidence in this case is insufficient and lacks credibility on the issues defined in counts one through four of the Second Superseding Indictment, returned on December 10, 2025.

## CONCLUSION

For all the reasons aforesaid, above and in the defendant's Motion and Brief for Judgment of Acquittal (Rule 29 (a) and (c), Fed. R. Crim. Proc.), Ms. Soto respectfully requests that the court grant this motion and order a new trial.

**WHEREFORE, PREMISES CONSIDERED, DEFENDANT, ELIZABETH SOTO,** moves this Honorable Court to grant this her Motion for Judgment of Acquittal and for such other and further relief to which she may be justly entitled.

Respectfully submitted.

/s/ Harmony M. Schuerman
Harmony M. Schuerman

State Bar No. 24062991
115 N. Henderson Street
Fort Worth, Texas 76102
harmony@hmscriminallaw.com
Phone: 817-406-8665

/s/ Blake Burns
Blake Burns

State Bar No. 24066989
115 N. Henderson Street
Fort Worth, Texas 76102
bburnslaw@gmail.com
Phone: 817-870-1544

## CERTIFICATE OF SERVICE

On March 27, 2026, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court for the Northern District of Texas through the court's electronic case filing system. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

/s/ Harmony M. Schuerman

Harmony M. Schuerman

PAGE  4